UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ADVANTUS CORP.,

       Plaintiff,

v.                                                 CASE NO. 3:14-cv-484-J-34MCR

T2 INTERNATIONAL, LLC, and
T2 PRODUCTS, LLC,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on the Consent Motion for Approval of Stipulation and Entry of Judgment of Garnishment (the "Motion"). (Doc. 120.) The matter was referred to the undersigned.[2] The undersigned has reviewed the

---

[1] "Within 14 days after being served with a copy of [a report and recommendation] a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was not made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2] It does not appear that the parties have consented to jurisdiction before a United States Magistrate Judge in the garnishment action. As such, the undersigned believes that a report and recommendation is required. *See, e.g., Teamsters Local 639 Employers Pension Trust Fund v. Capital Management Associates, LLC*, Case No. 6:12-mc-103-Orl-28GJK, 2013 WL 1953474 at *1 (M.D. Fla. Mar. 28, 2013) ("Local Rule 6.01(c)(19) does not appear to grant the Magistrate Judge the authority to enter judgment . . . as to writs of garnishment.") (citations omitted), *adopted*, 2013 WL 1953441 at *1 (M.D. Fla. May 10, 2013); *see also Parks v. Collins*, 761 F.2d 1101,

(continued...)

1

filings in this case and, for the reasons stated herein, recommends that the Motion be **GRANTED**, the settlement be **APPROVED**, and judgment of garnishment be **ENTERED**.

I.     **Background**

On November 3, 2015, the Court entered an Order instructing the Clerk to issue a judgment against Defendants in the amount of $350,000, to bear interest, pursuant to a Stipulation and Consent to Entry of Final Judgment by the parties. (Docs. 77 and 78.)  Judgment was entered on November 4, 2015.  (Doc. 79.)  On February 17, 2016, the Court issued a writ of garnishment directed to Comfort Research, LLC ("Comfort Research").  (Doc. 94.)  The writ of garnishment was served upon Comfort Research on February 17.  (Doc. 102.)  Comfort Research filed its answer to the writ of garnishment on March 2, 2016.  (Doc. 106.)  On March 24, 2016, the instant Motion was filed requesting the Court to issue an order entering a consent judgment of garnishment against Comfort Research as set forth in the parties' Stipulation for Entry of Consent Judgment ("Stipulation").

On April 28, 2016, the undersigned issued a Report and Recommendation, finding the parties' Stipulation to be fair, reasonable, and equitable.  (Doc. 124 at 6.)  The undersigned recommended, *inter alia*, that the Motion be granted, the

---

[2](...continued)
1106-07 (5th Cir. 1985) (holding that magistrate judge did not have authority to set aside default judgment in garnishment action where the parties did not consent to magistrate jurisdiction in the garnishment action).

parties' Stipulation be approved, and the Clerk be directed to enter consent judgment of garnishment consistent with the Stipulation. (*Id.* at 7.)

On June 17, 2016, Judge Howard entered an order terminating the Report and Recommendation, taking the Motion under advisement, and recommitting the matter to the undersigned for further consideration. (Doc. 129 at 3.) While Judge Howard agreed that the proposed resolution appears to be fair, reasonable, and equitable under the circumstances, she indicated that the parties failed to provide sufficient information for the Court to craft an enforceable judgment. (*Id.* at 2.) Judge Howard recommitted the matter to the undersigned to obtain additional input from the parties with regard to the appropriate terms of a consent judgment effectuating the parties' stipulated agreement. (*Id.* at 2-3.)

In accordance with Judge Howard's Order, the undersigned held a telephonic status conference on July 5, 2016. (Doc. 134.) At the status conference, the parties agreed to provide the Court with a clear and concise proposed consent judgment, setting forth appropriate terms to effectuate the parties' stipulated agreement. (*Id.*)

On July 11, 2016, the parties provided a proposed Consent Final Judgment of Garnishment as to Comfort Research, LLC ("Consent Judgment") (Doc. 135-1) pursuant to the parties' Stipulation. (Doc. 135.) The Consent Judgment states that Defendants T2 Products, LLC, and T2 International, LLC, jointly and severally, are indebted to Plaintiff by virtue of the November 4, 2015 Judgment

3

(Doc. 79) in the amount of $292,782.86, inclusive of interest and costs, as of June 30, 2016. (Doc. 135-1 at 1.) The Consent Judgment also states that Comfort Research is indebted to Defendant T2 Products, LLC, pursuant to an Asset Purchasing Agreement ("APA") dated October 2, 2014. (*Id.* 135-1 at 1-2.) Pursuant to the APA, Comfort Research is required to make certain monthly payments together with lump sum payments in December 2016 and 2017 to Defendant T2 Products, LLC. (*Id.* at 2.) Pursuant to the garnishment, Comfort Research is presently holding $20,000 in payments it was to have paid to T2 Products, LLC, in June and July 2016 under the APA. As such, the Consent Judgment states that Comfort Research shall pay the $20,000 to Plaintiff (instead of making the payments to Defendant T2 Products, LLC), and shall thereafter commence making all payments that it is required to make under the APA to Plaintiff until such time as the $292,782.86, plus accrued interest, has been satisfied. (*Id.*)

II.   **Discussion**

"Federal Rule of Civil Procedure 69(a)(1) provides that the procedure for executing money judgments must accord with the procedure of the state where the court that issued the judgment is located." *Brandt v. Magnificent Quality Florals Corp.*, Case No. 07-20129-CIV, 2013 WL 4011125 at *1 (S.D. Fla. Aug. 6, 2013). Section 77.083, Florida Statutes, provides that a judgment may be entered against a garnishee based upon its answer or, if a reply is filed, after a

trial on the reply. However, any judgment must not exceed the amount unpaid on the final judgment against a defendant or the amount of the garnishee's liability to a defendant. Fla. Stat. § 77.083 (2016).

Moreover, "[t]he parties to litigation may [] compromise and settle[] not only [to] save the time, expense, and psychological toll but also [to] avert the inevitable risk of litigation." *U.S. v. City of Miami, Fla.*, 664 F.2d 435, 439 (5th Cir. 1981) (citing *U.S. v. Under Armour & Co.*, 402 U.S. 673, 681 (1971)). "But where the parties wish to incorporate their settlement into a judicial decree – where they seek the imprimatur of judicial approval – the court must give the agreement more careful scrutiny." *Sierra Club v. Coca-Cola Corp.*, 673 F. Supp. 1555, 1556 (M.D. Fla. 1987) (citation omitted). "The court must assure itself that the proposed consent decree is fair, reasonable, and equitable, and that the decree does not violate the law or public policy." *Id.* (internal citations omitted).

Upon review of the parties' Stipulation, the Consent Judgment, and upon obtaining information at the July 5, 2016 telephonic hearing, the undersigned finds the parties' proposed resolution to be fair, reasonable, and equitable. The proposed resolution appears to be in all parties' interests in light of the circumstances presented. Advantus has made post-judgment efforts to collect against other sources (by way of writs of garnishment) to satisfy the judgment debt owed jointly and severally by Defendants. Defendants do not appear to be in a position to pay the debt directly, but appear to be owed money by Comfort

Research under the APA. The proposed resolution provides a procedure whereby Advantus will receive periodic monthly and lump sum payments by Comfort Research towards satisfaction of the original judgment. The proposed resolution does not appear to violate the law or public policy.[3] The undersigned believes the proposed resolution – that would aid in the potential satisfaction in full of Defendants' obligations under the original judgment and under a loan by Comfort Research, thereby paying Advantus and Comfort Research what they are rightfully owed– is fair, reasonable, and equitable in light of the post-judgment garnishment proceedings.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 120**) be **GRANTED**.

2. The proposed resolution be **APPROVED**.

3. The Consent Judgment (**Doc. 135-1**) be **APPROVED**.

4. The Clerk be **DIRECTED** to enter judgment of garnishment consistent with the Consent Judgment.

**DONE AND ORDERED** at Jacksonville, Florida, on July 28, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The total amount owed pursuant to the Consent Judgment, $292,782.86, plus accrued interest, meets Florida Statute Section 77.083 in that it does not exceed the amount unpaid on the final judgment against Defendants or the amount of Comfort Research's liability to T2 Products, LLC. (*See* Doc. 135-1 at 1.)

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record