# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ADVANTUS, CORP., et al.,

        Plaintiffs,

vs.                                  Case No. 3:13-cv-240-J-34MCR

T2 INTERNATIONAL, LLC,

        Defendant.
_____

ADVANTUS, CORP.,

        Plaintiff/Judgment Creditor,

vs.                                  Case No. 3:14-cv-484-J-34MCR

T2 INTERNATIONAL, LLC, et al.,

        Defendants/Judgment Debtors,

vs.

COMFORT RESEARCH, LLC,

        Garnishee.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 137; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 28, 2016.[1] In the Report, Magistrate Judge Richardson recommends that the

---

[1] Unless the Court indicates otherwise, document numbers refer to the docket in the later-filed case, Advantus, Corp. v. T2 International, LLC, et al. (Advantus II), 3:14-cv-484-J-34MCR. Citations to documents in the earlier-filed case, Advantus, Corp. v. T2 International, LLC, 3:13-cv-240-J-34MCR, will include a notation to Advantus I.

Consent Motion for Approval of Stipulation and Entry of Judgment of Garnishment (Doc. 120) be granted. See Report at 2, 6. No party has filed objections to the Report, and the time for doing so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007). Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge. Accordingly, the Court will approve the proposed Consent Final Judgment of Garnishment as to Comfort Research, LLC (Doc. 135-1; Judgment of Garnishment) and enter it as the judgment of this Court.

However, prior to entry of the Judgment of Garnishment, the Court must also consider Advantus, Corp.'s request for a renewal of the contempt proceedings against T2 International, LLC, T2 Products, LLC, and Todd Youngblood. See Plaintiff Advantus, Corp.'s Notice of Defendants' Breach of Settlement Agreement and Notice of Renewal of Motion for T2 and Todd Youngblood to be Held in Contempt (Advantus I, Doc. 122; Notice of Breach). In the Notice of Breach, Advantus, Corp. (Advantus) asserts that Defendants T2 International, LLC and T2 Products, LLC (collectively, T2) breached their settlement

agreement with Advantus, and as such, Advantus requests that the Court reinstate the contempt proceedings it had previously held in abeyance.[2] See generally Notice of Breach; Order (Advantus I, Doc. 110) (directing T2 and Youngblood to show cause why they should not be held in civil contempt); Order (Advantus I, Doc. 112) (holding contempt proceedings in abeyance). On April 21, 2016, T2 and Youngblood filed a response to the Notice of Breach in which they assert that T2 has cured the alleged breaches, and cooperated with Advantus in resolving the matter. See Defendants' Response to Plaintiff's Notice of Breach of Settlement Agreement and Notice of Renewal of Motion for T2 and Todd Youngblood to be Held in Contempt (Advantus I, Doc. 132; Response). Specifically, T2 maintains that Advantus will now receive the payments required under the settlement agreement from a third-party garnishee, resulting in satisfaction of the Judgment one year earlier than provided for in the settlement agreement. See Response at 4. As such, T2 requests that the Court continue to hold the contempt proceedings in abeyance until full payment of the Judgment. Id. at 8. In light of these developments, it is unclear whether Advantus still maintains that contempt proceedings are warranted. Accordingly, prior to entry of the Judgment of Garnishment, the Court will direct Advantus to file a notice addressing whether it continues to seek the reinstitution of contempt proceedings. In light of the foregoing, it is

**ORDERED:**

---

[2] Prior to the garnishment proceedings addressed in the Report, the parties had entered a settlement agreement resolving Advantus II. See Stipulation and Consent to Entry of Final Judgment (Doc. 77), filed October 30, 2015. Pursuant to the settlement agreement, the Court entered a stipulated final judgment, see Judgment (Doc. 79), and agreed to hold in abeyance the contempt proceedings pending in Advantus I until satisfaction of the Judgment.

1. The Magistrate Judge's Report and Recommendation (Doc. 137) is **ADOPTED** as the opinion of the Court.

2. The Consent Motion for Approval of Stipulation and Entry of Judgment of Garnishment (Doc. 120) is **GRANTED**.

3. The proposed resolution is **APPROVED**.

4. The proposed Consent Final Judgment of Garnishment as to Comfort Research, LLC (Doc. 135-1) is approved.  The Court will defer entry of judgment until resolution of the matters raised in the Notice of Breach.

5. On or before **November 4, 2016**, Advantus shall file a notice indicating whether it continues to request the reinstitution of contempt proceedings in light of the Judgment of Garnishment.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of October, 2016.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

ja/lc11
Copies to:

Counsel of Record